Submitted on petitioner's petition for review filed November 24, 1987,* petition for review allowed, decision of Court of Appeals reversed, Board of Parole order set aside and case remanded to Board of Parole for reconsideration February 9, 1988

## HUBERT HARRY THOMAS,
*Petitioner on Review,*

*v.*

## BOARD OF PAROLE,
*Respondent on Review.*

(CA A44039; SC S34662)

749 P2d 576

Gary Babcock, Public Defender, Salem, for petitioner on review.

Scott McAlister and David L. Kramer, Assistant Attorneys General, Salem, for respondent on review. With them on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

MEMORANDUM OPINION

---

* *Thomas v. Board of Parole,* 88 Or App 305, 744 P2d 1010 (1987).

## MEMORANDUM OPINION

Petitioner, a prisoner, complains that in setting his parole release date the Board of Parole (Board) improperly failed to consider a mitigating circumstance. The Board Action Form (BAF), which this court explained in detail in the case of *Anderson v. Board of Parole,* 303 Or 618, 740 P2d 760 (1987), contains as one finding of fact that "No mitigation was cited/offered or found." The Board's order setting the release date was based in part on that finding. Petitioner appealed, but the Court of Appeals affirmed the Board's order without issuing an opinion.

Contrary to the statement in the BAF, our review of the record shows that the parole analyst cited as a mitigating circumstance "Item M." The designation "Item M" refers to Exhibit E-2 to OAR 255-35-013. Both the rule and the exhibit are promulgated by the Board. Exhibit E-2 is a list of mitigating circumstances, designated by the letters A through Q, that the Board must consider in setting the parole release date. Item M reads: "Consecutive sentences imposed for convictions resulting from a single criminal episode."

The transcript of the parole release date hearing shows that the Board knew that the parole analyst had cited mitigation under item M. The record shows further that, in fact, petitioner was given consecutive sentences for two convictions resulting from a single incident. Thus, the Board should have found and considered mitigation under item M, as the parole analyst had recommended. Accordingly, the petition for review is allowed, the decision of the Court of Appeals is reversed, the Board's order establishing the release date is set aside and the case is remanded to the Board for reconsideration. ORS 144.335(3); ORS 183.482(8)(c).